IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19–CV–260–BR

| | |
|---|---|
| JUDSON WITHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| TERRENCE BOYLE, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Judson Witham's ("plaintiff") 9 June 2020 *pro se* motion for removal and change of venue. (DE # 19.)

On 23 October 2019, this court adopted Magistrate Judge Robert B. Jones, Jr's Memorandum and Recommendation, thereby dismissing plaintiff's complaint and closing his case. (DE # 15.) On 31 December 2019, plaintiff moved for removal and to change venue. (DE # 17.) This court denied the motion on the grounds that plaintiff's complaint was already dismissed and the action was closed. (DE # 18.) In the instant motion before the court, plaintiff raises new "evidence" to support his prior motion for removal, citing to news reporting on the environmental contamination from the Terry Sandford Federal Building to surrounding Raleigh, North Carolina waterways. (Mem., DE # 19, at 2); see generally Trent Brown, Raleigh federal building has been sending sewage into waterways for years, report says, Raleigh News & Observer (June 3, 2020 5:43 PM), https://www.newsobserver.com/news/local/article243241566.html. As a result, plaintiff contends all North Carolina federal judges have a conflict of interest because his complaint concerned environmental claims involving water contamination at various lakes in New York State. (See generally Compl., DE # 1, at 28, Mem., DE # 19, at 3.) For

relief, plaintiff requests recusal/removal of the judges, that the case be reopened for a new trial, and damages. (Mem., DE # 19, at 10–11.)

Rule 59(e) requires a motion to alter or amend a judgment to be filed within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff filed his motion for removal and change of venue requesting a new trial after the court entered judgment, and therefore, his motion is untimely under Rule 59(e). Thus, the court construes his motion as one pursuant to Rule 60(b). See Ward v. United States Dep't of Commerce, 705 F. App'x 179, 180 (4th Cir. 2017) (per curiam) ("Although the district court considered the motion to reconsider as one filed under Fed. R. Civ. P. 59(e), the motion was more properly construed as one filed under Fed. R. Civ. P. 60(b) because it was filed more than 28 days after entry of judgment." (citations omitted)). This rule

> allows a court to relieve a party from a final judgment, order or proceeding on a limited number of grounds. To prevail, a party must demonstrate (1) timeliness, (2) a meritorious [claim or ]defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. After a party has crossed this initial threshold, it then must satisfy one of the six specific sections of Rule 60(b).

Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (internal quotation marks, citations, and alterations omitted).

Plaintiff's motion does not entitle him to relief. The information provided to the court, including the new "evidence," does not meet any of the grounds entitling plaintiff to relief under Rule 60(b). Nothing alleged in plaintiff's motion for removal and for change of venue provides a basis to disturb the court's prior ruling that the Honorable Terrence W. Boyle, the Fourth Circuit, and the Supreme Court are entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Hamilton v. Murray, 648 F. App'x 344, 345 (4th Cir. 2016) (citing McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972)). Similarly, plaintiff does not add any

exceptional circumstances or rely on any meritorious claim entitling him to relief against the other defendants, International Paper Corp. or New York State. Plaintiff's motion is DENIED.

This 8 July 2020.

_____
W. Earl Britt
Senior U.S. District Judge